IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**MARK COUGLE**                                                                                    **PLAINTIFF**

**VS.**                                                                                      **NO. 2:06cv139-M-A**

**COUNTY OF DESOTO, MISSISSIPPI and**
**MARK BLACKSON, Individually and in his**
**Official Capacity as Desoto County Deputy Sheriff**           **DEFENDANTS**

## ORDER

This cause comes before the court on the motion of defendants for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff Mark Cougle has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is a 42 U.S.C. § 1983 action in which plaintiff seeks to recover for alleged Fourth Amendment and other constitutional violations arising out of an investigation of plaintiff by defendant Mark Blackson, a detective in the Desoto County Sheriff's Department. In May 2005, Blackson received a complaint from Ronald Yount alleging that plaintiff had taken possession of a motorcycle and lawn tractor belonging to him and refused to return them. At Blackson's request, plaintiff submitted to questioning at the sheriff's department, where he admitted that he took possession of the property in question but denied that any theft was involved. Blackson contends (and plaintiff disputes) that, during the interview, plaintiff admitted that he kept a firearm at his house, which would be illegal in light of his 2004 conviction for grand larceny. After plaintiff

1

refused to consent to a search of his house, Blackson obtained an arrest warrant for plaintiff and a search warrant for his house.

Officers performing the search of plaintiff's house were unable to find a firearm, though they did allegedly observe dust patterns in a gun cabinet which revealed that firearms had recently been stored there. In their brief, defendants contend that Blackson then arrested plaintiff pursuant to a warrant and secured the lawful return of Yount's motorcycle and tractor to him. Plaintiff, by contrast, alleges that he was unlawfully arrested without a warrant for being a felon in possession of a firearm and that the motorcycle and tractor in question were unlawfully seized and returned to Yount. A Desoto County grand jury eventually no billed the charges against plaintiff, but, on August 19, 2005, Circuit Judge Andrew Howorth issued an order revoking plaintiff's prior sentence of three years' probation and required him to serve one year in jail. On August 18, 2006, plaintiff filed the instant action in this court, alleging Fourth Amendment and other constitutional violations arising out of the allegedly unlawful search and arrest in this case.

Defendants have presently moved for summary judgment, contending that the instant action is barred by the U.S. Supreme Court's 1994 decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). In *Heck*, the Supreme Court concluded that a § 1983 action is not an appropriate vehicle for challenging the validity of outstanding criminal judgments and that, accordingly, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. If such a judgment would, in fact, imply the invalidity of the conviction, then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* *Heck* thus serves to bar a number of otherwise valid § 1983

actions, including certain Fourth Amendment claims, whose success would cast doubt upon an underlying criminal judgment.

Defendants note that the Fifth Circuit Court of Appeals has extended *Heck* to proceedings which call into question the fact or duration of parole and probation, *see Cotton v. Texas Dep't Criminal Justice,* 35 F.3d 560 (5th Cir. 1994); *Jackson v. Vanoy*, 49 F.3d 175, 177 (5th Cir. 1995), and it is thus apparent that the § 1983 claims in this case are barred. In *Jackson*, the Fifth Circuit considered a § 1983 action filed against police by a state prisoner who alleged that his unlawful arrest had led to the revocation of his parole and probation. In dismissing the plaintiff's claims without prejudice, the Fifth Circuit wrote as follows:

> A judgment in favor of Jackson on his illegal seizure claim would necessarily imply the invalidity of the revocation of his probation and parole. It logically follows that *Heck* applies to Jackson's probation and parole revocation proceedings. Jackson has not demonstrated that his current sentence has already been invalidated. He does not allege that any revocation proceeding has been reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, Jackson's action is not cognizable under § 1983 at this time, and we need not address the arguments Jackson has raised on appeal.

*Jackson*, 49 F.3d at 177 (footnote omitted). Defendants argue, and correctly so in the court's view, that the allegations of unlawful search and arrest in the instant complaint, accepted as true, would necessarily imply the invalidity of the revocation of plaintiff's probation in this case.[1]

Plaintiff has not demonstrated that the revocation of his probation has been "reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus," *see id.*, indeed, he has not responded at all to defendants' *Heck* arguments. It is

---

[1]The court would note that a Texas district court, applying *Jackson,* recently dismissed a § 1983 action similar to the instant one. *See Hall v. City of Mount Pleasant*, 2006 WL 3759908 (E.D. Tex. 2006).

3

apparent that plaintiff's summary judgment brief is a "response" in name only, since he completely ignores defendant's primary basis for seeking summary judgment in this case. It is thus clear that plaintiff has improperly filed the instant § 1983 action prior to pursuing other legal avenues to contest the allegedly unlawful revocation of his probation, and his § 1983 claims are due to be dismissed without prejudice.[2]

In a case such as this one, where all federal claims are dismissed prior to trial, 28 U.S.C. § 1367(c)(3) grants this court discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. Indeed, the Fifth Circuit has noted that the "general rule favor[s] dismissal of state claims when the federal claims to which they are pendent are dismissed," *see Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999), and the court concludes that it should follow the general rule in this case. In so concluding, the court would note that the complaint in this case does not even make it clear which specific claims are asserted under state law, but simply incorporates by reference the federal claims under the ambit of the Mississippi Tort Claims Act. *See* Miss. Code Ann. § 11-46-1 et seq. This is plainly insufficient, since the legal context of federal § 1983 and MTCA claims are completely different, and this court would find it difficult if not impossible to properly analyze such claims given the ambiguities in the complaint.[3] While it is

---

[2]From reviewing plaintiff's complaint, it is apparent that he asserts no valid federal claims outside the scope of § 1983.

[3]For example, the MTCA contemplates certain claims, such as claims based upon "malice," being asserted, if at all, outside the scope of the MTCA against state employees in their individual capacity. *See* Miss. Code Ann. § 11-46-5(2). Assuming that plaintiff asserts state law claims of malicious prosecution against Blackson, it would appear that these claims should be asserted outside the scope of the MTCA. However, the complaint in this case appears to assert that the state law claims are raised solely pursuant to the MTCA, thus leaving the nature of the state law claims in this case unclear.

certainly arguable that some or all of plaintiff's state law claims would be barred by provisions of the MTCA,[4] the court concludes that the better course is to simply decline to exercise supplemental jurisdiction over these claims at this juncture.

In light of the foregoing, it is ordered that defendant's motion [47-1] for summary judgment is granted. Plaintiff's federal claims are dismissed without prejudice pursuant to *Heck v. Humphrey,* and plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

A separate judgment will issue this date, pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 24th day of October, 2007.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[4]*See e.g.* Miss Code. Ann. §§ 11-46-5(2), 11-46-9(1)(c) & (m).